IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHEILA THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 11-921-GPM |
| | ) |
| CITY OF EAST ST. LOUIS, | ) |
| THOMAS DANCY, and | ) |
| ROBERT EASTERN, III, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion for partial dismissal of the employment discrimination claims of Plaintiff Sheila Thomas brought by Defendants City of East St. Louis ("ESL"), Thomas Dancy, and Robert Eastern, III, pursuant to Rule 12 of the Federal Rules of Civil Procedure (Doc. 11). The facts of this case are relatively straightforward. In October 2007 Thomas was hired by ESL as a secretary in ESL's demolition department, where Thomas remains employed at this time. During Thomas's employment with ESL, Thomas alleges, Dancy was ESL's regulatory affairs director and Eastern was a trustee for ESL; Thomas alleges that both men were in supervisory positions over her. Thomas contends that she was sexually harassed by both Dancy and Eastern. On March 3, 2011, Thomas filed a charge of employment discrimination with the Illinois Department of Human Rights and United States Equal Employment Opportunity Commission ("EEOC") alleging unlawful employment discrimination on the basis of her gender. In her EEOC discrimination charge, Thomas alleged that she was sexually harassed by Dancy from July 1, 2010, through December 1, 2010. In her discrimination charge, Thomas

alleged also that she was sexually harassed by Eastern from September 1, 2010, through January 1, 2011.[1] On July 27, 2011, the EEOC issued Thomas a right-to-sue letter authorizing Thomas to bring suit for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. On October 14, 2011, Thomas filed this action. Thomas's complaint contains claims against ESL for sexual harassment and creation of a hostile work environment under Title VII (Count I and Count II, respectively) and a claim against ESL based on respondeat superior for violation of the Illinois Hate Crimes Act ("IHCA"), 720 ILCS 5/12-7.1 (Count III). Count IV of Thomas's complaint asserts a claim against Eastern under the IHCA. Finally Count V asserts a claim for retaliation against ESL under Title VII based on alleged harassment of Thomas by Angela Perry, a supervisor in ESL's tax increment financing department and Eastern's girlfriend. ESL, Dancy, and Eastern have moved for dismissal of Thomas's claims against Dancy and for dismissal of Thomas's retaliation claim on grounds of failure to exhaust administrative remedies before bringing suit on the retaliation claim. The motion has been fully briefed, and the Court rules as follows.

  As an initial matter, the Court notes the standard under which it must evaluate the instant motion to dismiss. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002); *Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-13-GPM, 2009 WL 4894575, at *2 (S.D. Ill. Dec. 11, 2009). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine

---

1.  It appears from Thomas's EEOC charge that Eastern's surname in fact may be Easton. However, the Court has elected in this Order to refer to this Defendant as Eastern, consistent with Thomas's complaint.

the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Payne v. Schneider Nat'l Carriers, Inc.*, Civil No. 09-559-GPM, 2010 WL 685819, at *1 (S.D. Ill. Feb. 22, 2010). A complaint should not be dismissed unless it either fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure – or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. at 555 (brackets, citations, and internal punctuation omitted). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, although, as noted, the purpose of a Rule 12(b)(6) motion is merely to test the adequacy of a pleading, in ruling on such a motion, a court can treat as part of the pleadings documents that are "referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). *See also Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).[2]

---

2.   The Court notes this exception to the general rule that, in evaluating a Rule 12(b)(6) motion, the Court is confined strictly to the allegations of the pleadings simply because analysis of the issue of whether Thomas exhausted her administrative remedies as to her retaliation claim under Title VII will require some examination of the discrimination charge Thomas filed with the EEOC. Thomas's discrimination charge is, of course, a document that is referenced in Thomas's complaint and that is central to her claims in this case, so that the Court may consider the charge in ruling on the instant motion to dismiss.

The Court addresses first the matter of whether Thomas has stated a claim for relief against Dancy. Defendants contend that Thomas's complaint contains no substantive allegations of wrongdoing by Dancy, so that he should be dismissed as a Defendant in this action. As a general rule, of course, "[a] plaintiff cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of a complaint. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)) (in pleading, plaintiffs "are required to associate specific defendants with specific claims is so [the] defendants are put on notice of the claims brought against them and so they can properly answer the complaint"). The Court confesses to being somewhat puzzled by Defendants' argument that Thomas's complaint contains no allegations of discriminatory wrongdoing by Dancy. In fact, Thomas's complaint includes rather specific allegations of sexual harassment of Thomas by Dancy:

> Defendant Dancy has made sexually explicit comments regarding Plaintiff while at the work place. These comments have been made in front of Plaintiff's coworkers at times. In 2009-2010 he stated that "his pocket was hot" while in his office and other places to the Plaintiff. She immediately reported the statements to Marcus Johnson, Supervisor of the Demolition Department. He stated that he wanted to her to take his money because "he don't mind paying for it." He also stated that he could see himself "having fun with her." He has made such comments in front of her immediate supervisor and other board members. He typically made similar derogatory sexual innuendoes about every two weeks.

Doc. 2 at 4 ¶ 17. Elsewhere in Thomas's complaint, Thomas notes that "Defendant City of East St. Louis has ordered both Darcy [sic] and Eastern III to attend sexual harassment seminars. To date neither has attended said seminars. There has been no reprisal for their failure to comply." *Id*. at 5 ¶ 18. These allegations appear to the Court to state a claim for sexual harassment of Thomas

by Dancy. However, it is not the Court's place to compel Dancy to remain a party to this lawsuit if both sides agree that he should not be, as seems to be the case here, and therefore the Court will grant Defendants' request, acceded in by Thomas, that Dancy be dismissed as a party to this lawsuit.

The Court turns then to the more serious issue presented by the instant motion, whether Thomas exhausted her administrative remedies with respect to Count V of her complaint, alleging retaliation in violation of Title VII. In general, a person wishing to sue for unlawful discrimination under Title VII must first exhaust administrative remedies by filing a timely charge of discrimination with the EEOC. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974); *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976). Normally, a party not named as a respondent in an EEOC charge may not be sued under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1); *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991); *Secrist v. Burns Int'l Sec. Servs.*, 926 F. Supp. 823, 825 (E.D. Wis. 1996). Also, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his or her EEOC charge. *See Taylor v. Western & S. Life Ins. Co.*, 966 F.2d 1188, 1194 (7th Cir. 1992); *Petermon-Sanders v. Evelyn T. Stone Univ.*, No. 04 C 3438, 2004 WL 2967530, at *2 (N.D. Ill. Nov. 29, 2004). Still, in some instances, a claim in a complaint that was not explicitly set forth in a charge of discrimination will be deemed to be like or reasonably related to an EEOC charge if the former "reasonably could be expected to grow out of an EEOC investigation of the charge." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) (brackets omitted). Usually "claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Id*. (emphasis in

original). The Court recognizes that "[c]omplainants frequently file EEOC charges without the assistance of counsel" and thus, "EEOC charges are typically detailed in lay person's terms." *Kopec v. City of Elmhurst*, 966 F. Supp. 640, 646 (N.D. Ill. 1997). However, though "technicalities are particularly inappropriate in a statutory scheme . . . in which laymen unassisted by trained lawyers, initiate the process" of seeking redress, "the requirement of some specificity in a charge is not a 'mere technicality.'" *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992) (quoting *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972)). That being said, courts are to construe EEOC charges with "utmost liberality." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 906 (7th Cir. 1981).

In this instance, Thomas concedes more or less that she never brought an EEOC charge concerning the retaliation alleged in her complaint, although she argues that letters she sent to ESL officials concerning the alleged harassment she experienced at the hands of Perry were sufficient to put ESL on notice of Thomas's retaliation claim. Thomas misapprehends the purpose of the requirement of exhaustion of administrative remedies as a predicate to bringing suit under Title VII. Part of that purpose is, yes, to put an employer on notice of unlawful discrimination occurring in the workplace. However, a second, equally important purpose is to put the EEOC on notice of the alleged discrimination, so that the agency can investigate and employ its expertise to evaluate a discrimination claim and, whenever necessary and possible, resolve the claim without litigation. The purpose of requiring exhaustion of administrative remedies before bringing suit under Title VII is to provide notice to a party claimed to have acted in violation of the statutes and to afford that party an opportunity to participate in conciliation in an effort to comply voluntarily with the statutory requirements. *See Bright v. Roadway Servs., Inc.*, 846 F. Supp. 693, 696

(N.D. Ill. 1994) (citing *Eggleston*, 657 F.2d at 905).  Correspondingly, "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985).  Thus, the allegations of a Title VII plaintiff's complaint must be sufficiently "like" or "related to" the allegations of the underlying EEOC charge so that: (1) the defendant was placed on notice of the claims it would be required to defend against; and (2) the EEOC had an opportunity to investigate the allegations that might eventually find their way into a lawsuit and try to conciliate the differences between the parties. *Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 258 (7th Cir. 1996); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989).

The Court has reviewed carefully Thomas's EEOC discrimination charge and finds that it contains nothing that would put on notice either Thomas's employer or the EEOC that Thomas believed she was a victim of unlawful retaliation, in violation of Title VII.  Thomas's discrimination charge states in full:

> I am currently employed as a Secretary at [ESL].  I was hired on November 27, 2007.  My supervisor is Marcus Johnson.
>
> I was sexually harassed by Tommy Dancy (Supervisor) from July 1, 2010 until December 1, 2010.  This harassment included unwanted sexual proposition and sexual comments; and occurred every other week.  The harassment was witnessed by many employees including Marcus Johnson.  On or about September 1, 2010, I reported the sexual harassment to Marcus Johnson and was told not to go near him.  No investigation was completed.  I was sexually harassed by Robert Easton [Eastern?] (Board Member) from September 1, 2010 until January 1, 2011.  This harassment included unwanted sexual propositions and sexual comments; and occurred three to four times a month.  On or about November 1, 2010, I asked Robert Easton for a pay increase and was denied because I wouldn't have sex with him.  On or about November 15, 2010, Robert Easton was looking at my buttock and

> saying "I could see myself getting that". On or about January 1, 2011, I asked Robert Easton about a pay increase and again he wanted to have sex with me in order to receive a pay increase. My request was denied.
>
> I believe I was sexually harassed and discriminated against because of my sex, female in violation of Title VII of the Civil Rights Act of 1964, as amended.

Doc. 11-1 at 3. As should be clear from the foregoing, Thomas's discrimination charge is concerned solely with alleged sexual harassment of Thomas by Dancy and Eastern; nothing in the charge suggests that Thomas was retaliated against unlawfully by Perry. Indeed, it is worth noting that, in the charge, although Thomas checked the box indicating that the alleged harassment of her by Dancy and Eastern was a continuing action, she did not check the box on the charge indicating that the alleged discrimination against her was retaliation. *See id*. "While these boxes do not control the scope of a subsequent [employment discrimination] complaint, they are nonetheless helpful in determining the gravamen of the employee's allegations in the body of the EEOC charge." *Whitehead v. AM Int'l, Inc*., 860 F. Supp. 1280, 1288 (N.D. Ill. 1994) (citing *Kristufek v. Hussmann Foodservice Co., Toastmaster Div*., 985 F.2d 364, 368 (7th Cir. 1993)). Even construing Thomas's EEOC discrimination charge with utmost liberality, the Court does not find that the claim of retaliation in violation of Title VII asserted in Count V of Thomas's complaint is like or reasonably related to the unlawful discrimination alleged in Thomas's EEOC charge. The retaliation claim involves different conduct and a different person, Perry, than the conduct alleged in the charge, which deals solely with alleged sexual harassment of Thomas by Dancy and Eastern. Also, as Defendants point out, even a letter by an employee to the EEOC concerning alleged employment discrimination does not satisfy the exhaustion requirement if it concerns incidents of discrimination never alleged in a formal EEOC charge. *See Cheek v. Western & S. Life Ins. Co*., 31 F.3d 497, 502-03 (7th Cir. 1994).

To conclude, Defendants' motion to dismiss (Doc. 11) is **GRANTED**. It is hereby **ORDERED** that Thomas's claims against Defendant Tommy Dancy in this case are **DISMISSED with prejudice**, and the Clerk of Court is directed to terminate Dancy as a party to this litigation on the electronic docket of the case. It is **further ORDERED** that Count V of Thomas's complaint, alleging retaliation against Thomas in violation of Title VII, is **DISMISSED without prejudice** for failure to exhaust administrative remedies. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust.").

**IT IS SO ORDERED.**

DATED: April 21, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge